## S. W. Duncan v. Carter & Bros.

**Exceptions, Bill of—Signature to.**

Where the paper copied into the transcript as a bill of exceptions is not signed by the judge nor by bystanders, it forms no part of the record.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 29, 1873.

Opinion by Judge Peters:

A bill of exceptions, in order to be filed and to form a part of the history of a case, must be signed by the judge who presided at the trial, and filed with the pleadings. In case the judge refuses to allow and sign the bill of exceptions presented by the party excepting, provisions are made for having one signed by by-standers. Sec. 367, Civ. Code.

In this case, the paper copied in the transcript before us as or for a bill of exceptions, is not signed by the judge nor by by-standers, and we are not authorized to regard it as a bill of exceptions, or to recognize it as forming any part of the record. There is nothing before us, therefore, to inform us of the history of the proceedings, or that any error was committed by the presiding judge.

Wherefore the judgment is affirmed.

*Wilson, Merriott, for appellant.*

*Brown & Murray, for appellees.*